IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERAMIE L. WILLIAMS,,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-880-MJR |
| | ) |
| **KALVIN FULLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, currently a prisoner at the Jennings Correctional Facility located in Jennings, Missouri ("Jennings Jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks "a declaratory judgment directing the . . . Defendants to release" him from his pretrial detention. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff asserts that on June 10, 2009, he was a passenger in an automobile that was stopped by officers from the Collinsville, Illinois Police Department.  The driver of the vehicle was arrested on an outstanding warrant.  Plaintiff states that he was removed from the vehicle and searched, but the search of his person yielded nothing illegal.  Police officers, however, searched the inside of the vehicle and "found illegal items in the back of the car."  Plaintiff was arrested and "charged with the same charges as the driver" of the vehicle.  Plaintiff further states that on June 12, 2009,  he appeared before a "TV judge,"  his bail was set at $100,0000, and he was placed in the custody of the Madison County Sheriff's Department.  Plaintiff states that on June 26, 2009, he  was taken to the Madison County Court House for a preliminary hearing where he met with his appointed attorney.  Plaintiff was informed that his "pretrial hearing" was set for July 13, 2009, but Plaintiff contends that the "pretrial hearing" was not held.

Plaintiff asserts that the driver of the vehicle pleaded guilty and received a 5 year term of imprisonment. Plaintiff claims that the driver of the vehicle has, in essence, taken full responsibility for the "illegal items" found in the back seat of the vehicle. Consequently, Plaintiff contends that the Madison County prosecutor is holding him "maliciously" at the Madison County Jail.[1] As noted above, Plaintiff seeks "a declaratory judgment directing the . . . Defendants to release" him from his pretrial detention.

.**DISCUSSION**

At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 2002 WL 31103020 at *2 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

In this case, Plaintiff seeks his complete release from pretrial custody. As such his claim is cognizable, if at all, only pursuant to a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), but only after he has exhausted all of his

---

[1] While this case was under threshold review, Plaintiff informed the Court that he had been moved to the Jennings Jail.

available state remedies. The Court declines to construe the instant action as one arising under § 2241 because of the potential pitfalls, restrictions, and negative consequences that could happen to Plaintiff's habeas action if this action were re-characterized. *Cf. Bunn*, 309 F.3d at 1006-07; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

## DISPOSITION

In summary, Plaintiff cannot pursue release from his pretrial custody by means of a civil rights complaint pursuant to 42 U.S.C. § 1983. His sole federal remedy for obtaining his release is a petition for a writ of habeas corpus, but only after exhausting all of his available state remedies. Accordingly, this action is **DISMISSED** without prejudice. The Clerk is **DIRECTED TO CLOSE THIS CASE**. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED this 26th day of April, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**